

FILED
JAN 31 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
FEB 0 1 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| CITY OF ALABASTER, et al., | ) | 99-C-1245-S |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW**

I.

Defendants have all moved for summary judgment based on the doctrine of qualified immunity under federal law and discretionary functional immunity under state law.

The following facts are undisputed.

On March 6, 1999, Plaintiff Jackie Tucker visited her brother in Calera, Alabama. While at her brother's home she consumed various alcoholic beverages. She left her brother's home driving her car through Alabaster, Alabama. The Alabaster Police officers received a report from another motorist that Plaintiff's car was being driven erratically on Highway 65. A police officer thereafter stopped Plaintiff, arrested her, and charged her with driving under the influence of alcohol. At the time, Tucker's driver's license had been suspended for driving while intoxicated.

Before Tucker was placed in a jail cell, a female officer conducted a visual strip search of her. The strip search was done in a separate room by a single officer and outside the presence of all male officers, and it involved no physical contact with Plaintiff. Plaintiff later pled guilty to driving under the influence.

II.

A. Defendants are entitled to discretionary functional immunity under Alabama law. ALA. CODE § 6-5-338 (1975); *see also Couch v. City of Sheffield*, 708 So.2d 144, (Ala 1998); *Wright v. Wynn*, 682 So.2d 1 (Ala. 1996).

B. Alabama municipalities are immune from liability for intentional torts. ALA. CODE § 11-47-190 (1975) *(as amended)*; *see also Couch*, 708 So.2d at 154; *Altmayer v. City of Daphne*, 613 So.2d 366 (Ala. 1993); *Scott v. City of Mountain Brook*, 602 So.2d 893 (Ala. 1992).

C. Plaintiff has not cited any case involving substantially similar facts in which either the Eleventh Circuit or the United States Supreme Court has clearly settled the law. Plaintiff concedes that a balancing test is required. Thus, Defendants are entitled to qualified immunity.

By separate order, summary judgment shall be granted in favor of Defendants.

DONE this \_\_\_31st\_\_\_ day of January, 2000.

_____
CHIEF UNITED STATES DISTRICT JUDGE
U. W. CLEMON

3